**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Marla Brown, sui juris
**Plaintiff,**

v.

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
TransUnion LLC
**Defendants,**

COMPLAINT FOR DAMAGES,
DECLARATORY AND
INJUNCTIVE RELIEF

Case No. 26-cv-5158

RECEIVED
AUG 21 2026
PRO SE OFFICE

## COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF (JURY TRIAL DEMANDED)

## I. INTRODUCTION

1. Plaintiff Marla Brown ("Plaintiff"), a natural person acting sui juris, brings this action against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion LLC ("TransUnion") (collectively, "Defendants") for repeated, knowing, and reckless violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
2. Defendants are national consumer reporting agencies that hold themselves out as neutral repositories of accurate consumer credit data. In reality, Defendants operate automated dispute systems that substitute furnisher assertions for verification, ignore consumer-submitted evidence, and continue publishing legally unenforceable and materially false credit information.
3. Despite Plaintiff providing court documentation establishing that at least one alleged debt was disposed without judgment and never refiled, Defendants continued to report the tradeline as delinquent, past due, or owed.
4. Defendants' conduct mirrors systemic failures identified and publicly documented by the Consumer Financial Protection Bureau ("CFPB"), including sham investigations, failure to review consumer evidence, improper reinsertion of deleted tradelines, and meaningless dispute responses.
5. Plaintiff seeks declaratory, injunctive, statutory, actual, and punitive relief to correct her consumer reports and to hold Defendants accountable for willful and negligent noncompliance with federal law.

## II. JURISDICTION AND VENUE

REC'D IN PRO SE OFFICE
AUG 21 '26 PM12:08

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.
7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Plaintiff resides in this District, Defendants transact business here, consumer reports were prepared and disseminated here, and Plaintiff suffered harm here.

## III. PARTIES

8. Plaintiff Marla Brown is a "consumer" as defined by 15 U.S.C. §1681a(c) and resides in New York.
9. Defendant Equifax Information Services, LLC is a consumer reporting agency headquartered in Atlanta, Georgia.
10. Defendant Experian Information Solutions, Inc. is a consumer reporting agency headquartered in Costa Mesa, California.
11. Defendant TransUnion LLC is a consumer reporting agency headquartered in Chicago, Illinois.
12. Each Defendant is a "consumer reporting agency" within the meaning of 15 U.S.C. §1681a(f).

## IV. FACTUAL ALLEGATIONS

13. Defendants reported derogatory tradelines relating to the following alleged accounts: A Capital One Bank, N.A. account ending in 8733; A Bank of America account (account number unlisted) AND; An Apple Card account issued by Goldman Sachs Bank USA.
14. These tradelines were reported as past due, delinquent, or otherwise derogatory, including late-payment notations and balances allegedly owed.
15. One alleged account, Bank of America, was the subject of civil litigation in Kings County Civil Court, Index No. CV-017262-23/KI.
16. The plaintiff creditor failed to obtain a judgment. The case was disposed without adjudication (dismissed for lack of prosecution) and has never been refiled.
17. Plaintiff possesses court records evidencing that no judgment exists and no enforceable debt was established.
18. Reporting an alleged debt as delinquent or owed without disclosing that the underlying action was dismissed without judgment and no enforceable obligation was established is materially misleading and inaccurate under the FCRA.
19. 15 U.S.C. §1681i(a)(1)(A) requires a CRA to conduct a reasonable reinvestigation when a consumer disputes information.
20. A reinvestigation is not reasonable if it consists of: forwarding a dispute code to a furnisher (e-OSCAR), accepting a "verified" response, without requiring any documentation (a contract, a judgment, an assignment, proof of standing, or proof that a debt is legally enforceable) and without evaluating whether the information reflects a legally enforceable obligation. These actions directly violate §1681e(b) (maximum possible accuracy) & §1681i(a) (reasonable reinvestigation).

21. Between approximately February 2023 and August 2025, Plaintiff submitted multiple written disputes to each Defendant pursuant to 15 U.S.C. §1681i(a).
22. Each dispute included: Plaintiff's identifying information; Identification of the disputed tradelines; Court documentation showing disposition without judgment AND; A request for correction or deletion.
21. Plaintiff expressly stated she was not requesting billing statements, but rather verification of legal liability, standing, and enforceability.
22. Defendants failed to review all relevant information submitted by Plaintiff, including court records demonstrating that no enforceable obligation exists.
23. Instead, Defendants relied exclusively on automated furnisher responses, without evaluating the substance of Plaintiff's documentary evidence.
24. Defendants' failure to review Plaintiff's submissions violates 15 U.S.C. §1681i(a)(1)(B) and renders their reinvestigations unreasonable as a matter of law.
25. Defendants' purported reinvestigations consisted of: Transmission of automated dispute codes through systems such as e-OSCAR; Acceptance of furnisher assertions without documentation; AND No independent verification of contractual liability, standing, or judgment.
26. Furnisher assertions were treated as verification, despite the absence of enforceable debt.
27. Defendants failed to provide Plaintiff with a meaningful description of the procedures used to determine accuracy.
28. Responses consisted of conclusory statements such as "verified" or "confirmed," without identifying: Documents reviewed; Scope of investigation; AND Basis for accuracy determination.
29. This conduct violates 15 U.S.C. §1681i(a)(6)(B)(iii).
30. After deletion or suppression of disputed information, Defendants reinserted derogatory tradelines without: Obtaining certification of accuracy from the furnisher; Providing notice of reinsertion to Plaintiff.
31. Defendants thereby violated 15 U.S.C. §1681i(a)(5)(B).
32. Despite repeated disputes and notice of inaccuracy, Defendants continued publishing Plaintiff's consumer reports to third parties.
33. These reports were accessed by lenders and other users within New York.
34. As a direct and proximate result, Plaintiff suffered: A credit score decrease of approximately 265 points; Denial of credit and less favorable terms; Reputational harm; AND Emotional distress, anxiety, and loss of time.
35. Defendants knew or recklessly disregarded that: Legal enforceability is a material component of accuracy; Furnisher assertions are not verificationAND; Automated processes cannot replace reasonable investigation.
36. Defendants' conduct mirrors CFPB-documented violations involving Equifax and Experian, including sham investigations and failure to consider consumer evidence.

## V. CAUSES OF ACTION

**COUNT I**

Failure to Maintain Reasonable Procedures 15 U.S.C. §1681e(b)

37. Defendants failed to maintain reasonable procedures to assure maximum possible accuracy.
38. Reporting legally unenforceable obligations is inaccurate as a matter of law.

**COUNT II**

Failure to Conduct Reasonable Reinvestigation 15 U.S.C. §1681i(a)(1), (a)(1)(B), (a)(5)(A), (a)(5)(B), (a)(6)(B)(iii)

39. Plaintiff submitted valid disputes.
40. Defendants failed to:

- Review all relevant information;
- Prevent unlawful reinsertion;
- Provide meaningful notice of results.

**COUNT III**

Willful Noncompliance 15 U.S.C. §1681n

41. Defendants acted knowingly or in reckless disregard of statutory duties.

**COUNT IV**

Negligent Noncompliance 15 U.S.C. §1681o

42. In the alternative, Defendants negligently failed to comply with the FCRA.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests:
a. Declaratory judgment of FCRA violations;
b. Injunctive relief requiring correction and deletion;
c. Statutory damages;
d. Actual damages;
e. Punitive damages;
f. Costs and co-counsel attorney's fees;
g. Any further relief deemed just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
/s/: Marla Brown, sui juris
All Rights Reserved
Marla Brown, ucc 1-308

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SUMMONS IN A CIVIL ACTION

Case No. __________

Marla Brown, sui juris
**Plaintiff,**

v.

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
TransUnion LLC
**Defendants,**

**SUMMONS IN A CIVIL ACTION**

To: EQUIFAX INFORMATION SERVICES LLC
c/o Registered Agent
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) or 60 days if you are the United States or a U.S. agency you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

Issued on: ______________________

________________________________
Clerk of Court

________________________________
Deputy Clerk

(Seal)

)5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SUMMONS IN A CIVIL ACTION

Case No. __________

Marla Brown, sui juris
**Plaintiff,**

v.

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
TransUnion LLC
**Defendants,**

## SUMMONS IN A CIVIL ACTION

To: EXPERIAN INFORMATION SOLUTIONS, INC.
c/o Registered Agent
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) or 60 days if you are the United States or a U.S. agency you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

Issued on: ______________________

______________________________
Clerk of Court

______________________________
Deputy Clerk

(Seal)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SUMMONS IN A CIVIL ACTION

Case No. __________

Marla Brown, sui juris
**Plaintiff,**

v.

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
TransUnion LLC
**Defendants,**

**SUMMONS IN A CIVIL ACTION**

To: TRANS UNION LLC
c/o Registered Agent
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) or 60 days if you are the United States or a U.S. agency you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

Issued on: ______________________

____________________________________
Clerk of Court

____________________________________
Deputy Clerk

(Seal)

CERTIFIED MAIL®

9589 0710 5270 2323 2135 46

USA FOREVER

USMS

U.S.D.C., E.D.N.Y.
Pro SE Dept.
225 Cadam Plaza E.
Brooklyn, NY 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 21 2026 ★
BROOKLYN OFFICE